———o———

No. 5871.

**S. HERBERT GOLDEN CO. vs. JOSEPH STERNBERG.**

### Syllabus.

Where one keeps goods, purchased for his account by an unauthorized person, the vendor may at his option treat such action either as a *conversion* or as a *ratification*.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 96,742. Hon. F. D. King, Judge.

Sol. Wolff, for plaintiff and appellee.

James Wilkinson, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This matter involves mainly issues of fact, the recital whereof would serve no useful purpose. Suffice it to say that the matter hinges on the one question, to-wit; whether plaintiff is honestly seeking to recover the price of goods ordered for account of defendant and shipped to him, but first charged in error to the party by whom the order was given; or, whether plaintiff is conspiring with that other party to shield goods sold and belonging to that other party from claims which defendant has against the latter.

The trial Judge thought the plaintiff was honest in his pretentions and had established his facts, and so do we.

It is perhaps not clearly shown that the party who ordered the goods for account of defendant had authority from defendant to do so. Be that however as it may, plaintiff has repeatedly offered to take back the goods and demanded payment or their return; but defendant has steadily refused to return them, even when informed of the true situation.

This then amounts either to **ratification** or to **conversion,** and plaintiff might have treated it as the one or the other. He had the right to sue for the **value** of the goods and damages; or he might sue for the **price** without damages. He chose the latter, and defendant has no cause for complaint.

Judgment affirmed.

Opinion and decree, June 23rd, 1913.

Rehearing refused, July 21st, 1913.

Writ denied, October 21st, 1913.